# Pearce *et ux* v. Daughdrill.

*Bill in Equity to enforce Vendor's Lien.*

1. *Answer ; when properly stricken out.*—Where the vacation of a decree has been procured, upon defendant's agreement with the complainant to file answers by a certain time, admitting certain facts charged in the bill, the court,

as a proper mode of enforcing the agreement, may strike from the files answers putting in issue facts which it was agreed to admit.

2. *Same.*—Answers not having been put in at the time agreed on, an order of the court directing them to be filed by a certain future day thereafter, does not operate a vacation of the agreement, or authorize the filing of answers inconsistent with it.

APPEAL from Circuit Court of Mobile.

Heard before Hon. JOHN ELLIOTT.

The appellee, Daughdrill, filed this bill on the equity side of the circuit court in May, 1872, against Virginia Pearce and J. H. Pearce, her husband, to enforce a vendor's lien on certain lots of land in the city of Mobile. The bill charged, in substance, that Daughdrill was jointly seized with two other persons, of certain lots, numbered 1, 2 and 4, on certain named streets in that city, and afterwards sold lot number 4 to Adolph Sarac, executing a deed jointly with the other owners, and taking Sarac's note for the purchase money, and on the 2d day of May, 1866, Sarac executed his note to complainant for an unpaid balance due to him, amounting to twenty-nine dollars; that whilst complainant was seized and possessed of the other lots, as stated, he sold them to said Sarac, giving bond to convey title, &c.; that on the 2d day of May, 1866, there was due on the purchase $261, for which Sarac also executed his note; that neither of said notes have been paid; that after such sale to Sarac, complainant, in order to comply with the bond for title, bought the interest of the other owners, and to save the expense of "double conveyances," &c., and relying on his equitable lien, procured the other owners to join with him in a conveyance on the 18th of February, 1867, to said Sarac, expressing $260 as the consideration, but this was never paid; that afterwards, and before June 21st, 1871, Sarac died, leaving a last will and testament, and his wife Virginia his sole executrix, devisee and legatee; that she duly qualified and afterwards intermarried with Benjamin Pearce, and they jointly became possessed of the property. The eleventh paragraph of the bill charged, in substance, that complainant several times presented the notes to Virginia before her marriage with Pearce, and she each time promised to pay them, but since her marriage has refused to pay or secure them in any manner.

Subpoena was duly served upon each of the defendants the next day, and on the 27th day of June following, decrees *pro confesso* were duly entered against them, and the cause was thereupon submitted for decree on the bill, decrees *pro confesso* and testimony of complainant. A report was made which was confirmed, and a final decree rendered, ordering a

sale for the unpaid purchase money. Afterwards, at the same term, the solicitors of the parties made an agreement to set aside the decree *pro confesso*, order for reference, report and confirmation, and decree of sale, the defendants to pay costs, "and to file their answer and have the case ready to be submitted or tried on the first law day of the next term ; the defendants to admit in their answer every thing charged in the bill of complaint, except the fact of notice to defendants of the existence of the debt-charge and lien of complainant on said lands as set out in the 11th paragraph of bill or elsewhere."

The defendants not having answered, the court, on the 30th day of November, 1872, ordered a notice to issue to them requiring them to file their answer by the 7th day of December, 1872. On the 6th of December the defendants filed their answers, which the court next day ordered stricken out, "they not being in conformity to the written agreement on file." These answers denied all the material allegations of the bill. Decrees *pro confesso* were thereupon taken against them, and the cause submitted for decree upon bill, decrees *pro confesso* and evidence of complainant. A reference was again ordered, and the register reported that $328.50 was due. The report was confirmed and a final decree rendered, ordering a sale.

The action of the court in striking out the answers, and then rendering decrees *pro confesso* against Pearce and wife, and the final decree rendered, are now assigned for error.

GEORGE N. STEWART, and W. BOYLES, for appellants.

GAYLORD B. CLARK, *contra.*

BRICKELL, C. J.—It is not insisted that the appellants, by mistake, or inadvertence, or by the fraud of appellee, made the agreement by which they procured the vacation of the first final decree against them, and were let in to make defense. Nor is it insisted the counsel representing them had not full authority to enter into the agreement. The benefits of the agreement they had obtained by the setting aside of the decree, and it was the duty of the court to compel them to an observance of it. The answers they introduced into the files, so far from conforming to, were in violation of the agreement. They were not subject to exceptions for insufficiency, or other cause. They were objectionable on no other ground than because they were violative of

[Crawford, Adm'r, v. Jones.]

the agreement by which the appellants had obtained the opportunity of answering, they had lost by the former decree against them.   A motion to strike the answers from the files was a proper mode of carrying into effect the agreement.

The order of the court, made before the answers were filed, that the appellants answer by a specified day, did not relieve the appellants from the agreement.   They had permitted the day on which they had stipulated to answer, to pass without answering, and the order served no other purpose than to notify them that they were in default, from which they could relieve themselves by answering on or before the time appointed.   The matter to be embraced in the answers, remained that on which they had previously agreed with the appellee.

The failure of the appellants to answer in pursuance of the agreement, entitled the appellee to a decree *pro confesso*. That decree was rendered, and was succeeded by a final decree, in all respects regular.   There is no error in the record, and the decree must be affirmed.